ARTHUR LITTLEJOHN v. THE STATE.

No. 9083.   Delivered May 20, 1925.

**1.—Selling Intoxicating Liquor—Evidence—Hearsay—Properly Excluded.**

Where on a trial for the sale of intoxicating liquor, appellant was not permitted on cross-examination of prosecuting witness to show that the brother of witness had been convicted of violations of the liquor law, no error is presented.

**2.—Same—Impeaching Witness—Conviction of Other Offenses—Admissible.**

Where the defendant takes the stand and testifies in his own behalf, for the purpose of affecting his credibility proof that he has been indicted for and convicted of other offenses, is admissible for impeachment purposes.   While details of such other offenses are not admissible, if defendant volunteers statements as to such details he will not be heard to complain.

3.—Same—Evidence—Cumulative—Not Harmful.

Where the appellant had testified to numerous indictments returned and convictions had against himself, no possible injury could have been done him, in permitting the state on cross-examination of one of his witnesses to prove the same facts. Such evidence however would not have been admissible as original testimony. Such testimony was properly limited in the charge of the court.

4.—Same—Impeaching Witness—General Reputation—Admissible When.

Where a witness is sought to be impeached by the opposite side by showing contradictory statements and other facts affecting his credibility. either side is then permitted to prove the general reputation of such witness. Branch P. C. Sec. 184. In the instant case the scathing cross-examination of the witness for the State, Clyde Lewis, by counsel for appellant, justified the admission of testimony as to his general reputation. Following Dickens v State, 15 Tex. Crim. Rep. 272 and other cases cited.

5.—Same—Argument of Counsel—Invited Error.

The statement of the District Attorney in his argument to the jury. "I want to know in all good conscience, if the time is coming in Lamar County, Texas, when twelve good white men like you will sit on the jury and believe three or four black negroes, in preference to one good white boy," was invited error, warranted in reply to the assaults made on the white boy in his argument by counsel for appellant. See Branch's Ann. P. C. page 205. Following Baker v. State, 4 Tex. Crim. App. 229 and other cases.

ON REHEARING.

6.—Same—Impeaching Witness—Rule Stated.

The rule announced by this court with reference to the impeachment of a witness, expressly sanctions the proof of other offenses, committed by such witness of the grade of a felony or of indictments found against such witness involving moral turpitude, upon cross-examination of the witness, whether it be the accused or not, for the purpose of discrediting him. Such testimony should always be limited by the charge of the court to the purposes for which it is admitted. See Branch's Ann. Tex. P. C. Sec. 168 and many cases therein collated, Following Lights v. State, 21 Tex. Crim. App. 313.

Appeal from the District Court of Lamar County. Tried below before the Hon. Ben. H. Denton, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, five years in the penitentiary.

The opinion states the case.

*Patrick & Eubank*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged and convicted in the district court of Lamar County for unlawfully selling intoxicating liquor, and his punishment assessed at five years confinement in the penitentiary.

By bill of exception No. 1 appellant complains of the action of the trial court in refusing to permit him to interrogate the prosecuting witness, Clyde Lewis, relative to his brother being charged with and convicted of violations of the Liquor Law. We perceive no error in the action of the court in this particular from the bill and the qualification made thereon by the Court, there being nothing in said bill showing any connection of the witness' brother with the transaction under investigation.

There is complaint made to the action of the court as shown by bill of exception No. 2, in permitting the State's attorney to ask defendant while the defendant was a witness, on cross-examination if he was not then under indictment for selling whiskey in two other cases, and if he had not been convicted in four liquor cases in that court theretofore. The court's explanation of this bill which was accepted by counsel for appellant and became a part thereof, shows the defendant volunteered the information that he had been convicted in four different cases in that court for liquor violations and that the only objection raised to the testimony in this particular was to the manner and method of questioning the witness. This court has repeatedly held that you can interrogate the defendant while a witness upon the stand as to other felonies charged against him for the purpose of impeaching his testimony and to affect his credibility. This court has also held that it is improper to go into the details of such cases but in this particular instance we see no error from the qualification made on the bill by the court, as it appears that said witness volunteered said information as to his conviction and to having served said time in the penitentiary.

The appellant complains of the action of the court in permitting the State's counsel to ask the witness Beard, the witness for the defendant, on cross-examination, if said witness did not testify on a former trial of this case, and if he did not say that the defendant was sick on November 20, when the defendant was charged with selling liquor to one Lillard Hill and to the action of said attorney in reading the names and the places to the said witness from said indictments; said objections being that the jury might consider same as original evidence of guilt. This testimony in effect was already in, as heretofore shown, relative to the defendant being indicted, and we fail to see any error in the action of the court in this particular. Furthermore, the charge of the court limited the testimony to the other alleged charges of crimes and conviction of the defendant to impeachment purposes and to affecting the credibility of the defendant's testimony which should have removed all doubt from the minds of the jury as to the purpose for which such testimony was admitted.

Appellant complains of the action of the court as shown by bill of exception No. 4, in permitting the State's attorney to introduce

witnesses showing the good reputation of the prosecuting witness, Clyde Lewis, because it is stated that the State could not bolster up the testimony of said Lewis by proving his good reputation for truth and veracity. The court in qualifying this bill states that the defendant's counsel on cross-examination of said witness Lewis, who was a boy nineteen years of age, asked said witness about his brother Dock, and if he, said witness, was not a witness in his brother's case and if he had not been summoned in said case, and asked said witness about having been arrested by the officers himself for having liquor in his possession and if he hadn't made a trade or offered a trade by the State that if he would tell where he got the whiskey that they would let him go, which the witness denied, and asked the witness relative to his father having been arrested for bootlegging; and gave the witness a severe cross-examination on alleged contradictory statements he had made in testifying on a former trial of this case. We believe from the bill and the explanation thereof, and under the circumstances of this particular case that the State was authorized to introduce evidence of the general reputation of said witness for truth and veracity. In Branch's P. C. Sect. 184, it is stated ''either side is entitled to prove the general reputation for truth of a witness who has been impeached, or sought to be impeached, by proof of contradictory or partly contradictory statements'', citing many cases including Dickson v. State, 15 Texas Crim. Rep. 272. Graham v. State, 57 Texas Crim. Rep. 109, 123 S. W. 694; Myers v. State, 101 S. W. 1000; Dickson v. State, 146 S. W. 916.

Counsel for appellant complains of the action of the court in permitting the district attorney in his closing argument to the jury to state: ''I want to know in all good conscience, if the time is coming in Lamar County, Texas, when twelve good white men like you will sit on the jury and believe three or four black negroes in preference to one good white boy.'' The qualification made to this bill by the court states that counsel for the appellant in his argument to the jury stated ''it is true in this case that the defendant is a negro, and that his witnesses are also negroes, but I would rather believe them than the white boy Clyde Lewis, any time and in any manner. Just look at old black Tom Beard, a more truthful negro never lived; compare him with Clyde Lewis who is white only in color. . . . A year from now you will know which one is telling the truth about this transaction and you will find it to be these negroes instead of Clyde Lewis.'' And several other similar statements included in the explanation of the court, and in reply to that, the court states that the district attorney stated to the jury that it was their privilege to believe any witnesses in the case whether black or white but that he did not believe that twelve men like them in Lamar County would disregard the white boy's

testimony, as the defendant's counsel called him, and take the negroes' testimony in preference without some good reason, better than the defendant's counsel had given in his argument.

We see no error committed in this particular and we think that the argument made by appellant's counsel authorized the reply made by the attorney for the state.

After a careful examination of the record in this case, we are of the opinion that the defendant has had a fair trial, and no reversible error is shown, and that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—An examination of the motion for rehearing leaves us of the opinion that on the original hearing the proper disposition was made of the case.

We understand that the rule stated in Walker's case, 72 S. W. Rep. 401, was not transgressed. That case but exemplified the familiar rule that when one is on trial for an offense, the proof of other offenses committed by him is not to be received unless brought within some of the exceptions to the rule excluding such testimony. The rule does not exclude, but as announced by many of the decisions of this court, expressly sanctions the proof of other offenses of the grade of felony or involving moral turpitude upon cross-examination of the witness, whether the accused or not, for the purpose of discrediting his testimony. See Branch's Ann. Texas P. C., Sec. 168, and many cases therein collated; also Lights v. State, 21 Texas Crim. Rep. 313.

In the present case, the evidence of other offenses, both as to the appellant and his witnesses, was adduced upon cross-examination. In the appellant's cross-examination of the witness Lewis, many misdeeds and self-contradictions were imputed to him; also the commission of criminal acts including a charge of volating the prohibition laws. In receiving evidence supporting the witness as to his good reputation for truth and veracity, we are of the opinion that the learned trial judge is sustained by the authorities. See Coombs v. State, 17 Texas Crim. App. 264;; Farmer v. State, 35 Texas Crim. Rep. 270; Luttrell v. State, 40 Texas Crim. Rep. 659.

According to the bill of exceptions complaining of the argument of counsel, the question of the color of the witness was first adverted to by the appellant's counsel. If the remarks criticised are properly the subject of complaint, they are excusable upon the rule that they

were invited. See Branch's Ann. Texas P. C., p. 205, and numerous cases there cited, including Baker v. State, 4 Texas Crim. App. 229; Pierson v. State, 21 Texas Crim. App. 60.

The motion for rehearing is overruled.

*Overruled.*