WALTER DAVIS v. THE STATE.

No. 9173.     Delivered May 20, 1925.

**Murder—New Trial—Newly Discovered Testimony—Improperly Refused.**

Where appellant filed his motion for a new trial setting out as one of the grounds for the same the newly discovered testimony of two witnesses of a most vital and material character attaching affidavits of both of said witnesses to his motion, in the light of the facts in this case, a new trial should have been granted. Following Eppison v. State, 82 Tex. C. R. 364, Taylor v. State, 81 Tex. C. R. 350.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of murder; penalty, seventeen years in the penitentiary.

The opinion states the case.

*T. H. Briggs,* of Gilmer, *W. C. Shoults* and *Young & Stichomb,* of Longview, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged in the district court of Upshur County with murdering W. A. Harris on or about the 28th day of August, 1922, and convicted of said offense and his punishment assessed at seventeen years confinement in the penitentiary.

The State in this case relied upon the testimony of the wife of deceased for the conviction, who testified that the homicide occurred about 4:30 P. M. on the 28th day of August, 1922. That just prior to the homicide she and her husband were picking cotton and went to the house for the purpose of getting water, and her husband in returning to the field went down the road to the cotton patch and she went through the field, and before reaching the place where they had been picking cotton, she heard gun shots in the road and heard her husband hollering; she immediately ran to the road and saw her husband lying in the road and saw the defendant running from the scene of the homicide with a gun in his hand. That as soon as she discovered that her husband was dead, she began to attempt to get the officers there, and finally got an officer by the name of Williams that afternoon, and the sheriff came early the following morning. The State's witnesses testified that wife of deceased as soon as the officers arrived told them that defendant killed her husband. The defendant's witnesses contended that she first made the statement that she didn't know who it was killed her husband but believed it was the defendant.

The defense in this case was predicated upon an alibi and the defendant together with some seven or eight witnesses, some of whom included his family, testified to his being a quarter of a mile away from the scene of the homicide at the time the shooting and screaming was heard, picking cotton along together with three of his children and three other parties, and that he was not at the scene of the homicide at the time it occurred. This evidence was supported also by the wife of the defendant as well as other witnesses who were passing the road just about the time of the shooting and the screaming.

There are several questions raised in the record by the defendant, but after a careful examination of all the bills of exception and the questions raised, we are of the opinion that it will not be necessary for us at this time to consider same, as they may not arise on another trial, and in most of which we fail to observe any error.

The most serious question we find for our consideration is the refusal of the learned trial judge to grant a new trial in this case for the newly discovered testimony of Barney Bell and Ray Bell, both of whom made affidavits in effect that they were in a short distance of the place and at the time of the homicide, and that after they heard some shooting back in the direction where they learned the deceased was killed, that they in a short time heard a noise and looked back and saw two men running along near the corner of the field of the deceased, and crossed the road about a hundred yards behind them and came within about seventy-five steps of them and continued in a run, and more rapidly so after they saw the affiants through the woods, and one was a young man and the other appeared to be a middle aged man, and one had a gun in his hand which affiants took to be a double barrel shot gun, and both were strangers to the affiants; and both affiants in said affidavits stated that they never told these matters to any one until after the conviction of the defendant because they thought he would have no trouble in being acquitted of the charge, and had heard that he could prove by ten witnesses that at the time of the homicide he was picking cotton a quarter of a mile away.

These matters upon the trial would be very important and material to the rights of the defendant when viewed together with all the other evidence introduced by him and evidence for which he sought a continuance to prove by some witnesses that in the conversation which they had with the wife of deceased on the day of the burial, to the effect that the said wife of deceased stated to said witnesses in effect that she didn't know who it was that killed her husband, and further viewed from the testimony of the witnesses McKnight who also testified upon the day of the homicide and prior thereto that they saw a man around the premises of the deceased of middle aged appearance with a black mustache, and had seen the same party in the woods in that vicinity a time or two prior thereto, makes the testimony of the witnesses Bell of vital importance to the issues raised in this case. After a careful scrutiny of the entire record and the testimony adduced by the State and that of the defense, we are forced to the conclusion that the learned trial judge committed error in refusing to grant the motion for a new trial herein.

The application for continuance being the second application and though not showing the proper diligence, but viewing the record, disclosed from the testimony and the trial thereof and in taking

the alleged testimony sought by the application for continuance together with all the matters set out for a new trial on the grounds of newly discovered testimony as herein mentioned, we think under the authorities of Eppison v. State, 82 Texas Crim. Rep. 364; Taylor v. State, 81 Texas Crim. Rep. 350, that the said motion for new trial should have been granted. For these reasons the case is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.