### BOSS RAY V. THE STATE.

No. 9603.    Delivered December 9, 1925.

#### 1.—Theft of Cattle—New Trial—Erroneously Refused.

Where, on a trial for theft of a cow, appellant moved for a continuance on account of the absence of his sister, who had been subpoenaed, but was too ill to appear and testify, and in his motion for a new trial the affidavit of this witness to facts very material to his defense was presented, it was error for the court to refuse him a new trial. Following Bryant v. State, 271 S. W. 610. See also Branch's P. C., Sec. 335, for collation of authorities.

#### 2.—Same—Evidence—Properly Received.

Where a witness had testified in behalf of the State, and appellant had sought to show bias against him on his cross-examination of said

witness, in seeking to prove that said witness had stolen property from appellant it was not error to permit the State to bolster his said witness by proving that the general reputation of said witness for truth and veracity to be good. Following Graham v. State, 57 Tex. Crim. Rep. 104, and other cases cited.

### 3.—Same—Requested Charge—Erroneously Refused.

Where the issue was sharply drawn as to whether or not the cow in question was the property of the prosecuting witness John Wood, or of appellant, it was error to refuse a requested instruction that if the jury had a reasonable doubt as to whether or not the cow was the property of John Wood, to acquit the defendant.

### 4.—Same—Charge of Court—Rule Stated.

Where an issue is not raised by the evidence on the trial it should not be submitted in the court's charge. While it is a correct principle of law that it is immaterial how far property is removed from the place of taking, or what length of time may elapse between the taking and discovery thereof, to so charge where no evidence raises the issue, is a charge on the weight of the evidence, which should not be given. Following Bryant v. State, 271 S. W. 610.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction of theft of a cow, penalty two years in the penitentiary.

The opinion states the case.

*Oxford & Johnson,* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Erath County of the offense of cattle theft, and his punishment assessed at two years in the penitentiary.

The trial in this case involved the ownership of a certain Jersey cow about five years old. The prosecuting witness Wood, together with other State witnesses, testified that the cow in question belonged to him, and that he missed her from his pasture about the 7th of May, 1924, and never saw her any more until he saw her in the possession of one Jack Allen about the 1st of January, 1925. The appellant as a witness in his own behalf, supported by three or four other witnesses, testified that the cow in question belonged to him, and that he traded for her when she was a calf about a year old, and that she remained in his posssession from that time till he sold her to the witness Allen in October, 1924. This is a sufficient statement of the facts for the basis of this opinion.

Appellant complains of the action of the court in refusing to grant his first application for continuance for the want of the testimony of J. W. Jackson and his sister Miss Jewell Ray. It is alleged that he expected to prove by said Jackson that he, appellant, obtained the said cow from the said Jackson in the summer of 1921 in a trade, and by his sister, that he brought said cow in question home about the day that he traded for her from Jackson, and that she was about a year old at that time, and that she was kept on the ranch and milked up till the time she was sold to Allen in the fall of 1924. Subpoenas were issued at the instance of the appellant in due time, and the one for said Jackson was sent to Hidalgo county, and was returned unserved, but his sister was duly served with subpoena. On the date of the trial she lived in the town of Stephenville, where the court was in session, but on account of serious illness was unable to attend. The record discloses that when the application for continuance was presented to the court showing the sickness of appellant's sister, which was supported by the testimony of the family physician, that the court ordered Dr. Gordon to examine said witness and report to him if he thought her condition was such that she could come to the court house and testify. After Dr. Gordon made the examination the record discloses that he found her sick and suffering, but was of the opinion that she could come to the court house in a closed automobile and testify but on cross examination by the appellant's counsel, when asked as to what he thought of her mental and physical condition, he stated in substance that she might go all to pieces because "she was as nervous as a wild cat." The court informed appellant's counsel that he would, if requested, order an attachment for said witness to be brought into court, which the appellant's counsel did not request, as shown by the record, but interviewed the said witness and impressed the importance of her testimony in behalf of her brother, and the record discloses that said witness attempted to prepare to go to the court and testify, but she became worse and was unable to attend said trial; all of which is shown by the affidavit of said witness attached to the motion for new trial, in which she not only testified to her condition becoming worse after the examination by Dr. Gordon and his pressing on her affected parts, but that she was confined in her bed for several days after the trial of said case. The testimony in said affidavit fully supported the allegations in the motion for continuance and corroborated the testimony given by the appellant in this

case as to his ownership of the cow, and how long he had owned her. We think the court was in error in overruling the application for continuance, and especially in view of the affidavit of the witness attached to the motion for new trial, showing the materiality of the testimony of this witness and her inability to attend the trial. Upon this showing a new trial should have been granted. For collation of authorities see Branch's Penal Code, sec. 335; Bryant v. State, 271 S. W. 610.

Complaint is made in bill of exception 2 to the action of the court in permitting the State to prove the general reputation of the prosecuting witness Wood for truth and veracity being good, after he had testified on cross examination by the appellant that he had never had a bit of trouble with the defendant in his life. The witness testified and denied having taken from the defendant some weeding hoes and a pair of wire stretchers. The defendant testified to witness Wood's having taken said property and from that time on the relations had been of a strained nature between them. The court in qualifying said bill states that he admitted the evidence on account of said testimony and the contradictory statements made by the appellant and the prosecuting witness Wood, and that the appellant was seeking to show that prosecuting witness Wood had stolen the articles in question from said appellant, and was seeking to discredit said Wood thereby. We think there was no error shown in this instance and that said ruling of the court came fairly within the rule announced in the following authorities: Graham v. State, 57 Tex. Cr. Rep. 104; Dickson v. State, 66 Tex. Cr. Rep. 270; 140 S. W. 914; Littlejohn v. State, 273 S. W. 864.

Complaint is made to the action of the court in failing to submit to the jury affirmatively the appellant's defense in this case, and in refusing to submit to the jury the defendant's special charge No. 1 to the following effect:

"The burden is on the State to prove beyond a reasonable doubt that the cow described in the indictment is the property of the prosecutor, John Wood. And if you have a reasonable doubt as to whether or not she is the property of the State's witness John Wood, you will give the defendant benefit of such doubt and acquit him."

The court in qualifying this bill states that this issue was covered in special charge No. 4 requested by the defendant. We are unable to agree with this contention as the record discloses that the special charge No. 4 was to the effect that

if the jury believed the defendant obtained the cow in question from J. W. Jackson or had a reasonable doubt thereof, to acquit him. In view of another trial we suggest to the learned judge, upon the evidence being the same as shown in this record, to give said special charge or cover this phase of the case in his general charge.

Complaint is made in bill of exception 5 to the court's general charge in defining what constitutes "taking", and in stating in connection therewith:

"It is not necessary that the property be removed any distance from the place of taking—it is sufficient that it has been in the possession of the thief though it may not be removed out of the presence of the person deprived of it, nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof, if but a moment elapsed the offense is complete."

It is urged that this charge is upon the weight of the testimony and unauthorized by any evidence in the record. The prosecuting witness testified that he missed his cow from his pasture about the 1st of May and did not locate her until about the 1st of January following. We have discovered no testimony in the record forming a proper basis for the charge complained of, and we are unable to say that the criticism urged to same was not justified. We therefore suggest that upon another trial, if the facts are the same as shown by the record in this case, that the court refrain from giving that portion of said charge criticised and set out above. Bryant v. State, 271 S. W. 610, supra.

For the errors above mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.