WALTER DAVIS V. THE STATE.

No. 11252. Delivered January 11, 1928.

**Murder—Continuance—New Trial—Improperly Refused.**

Where, on his trial for murder, appellant made application for a continuance on account of the absence of three material witnesses for whom due diligence was shown, and in his motion for a new trial, attached the affidavits of said witnesses, which showed their testimony to be very material for his defense; the court erred in refusing a continuance and a new trial. See Eppison v. State, 198 S. W. 948.

Appeal from the District Court of Harrison County on a change of venue from Upshur County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of murder, penalty 25 years in the penitentiary.

This case was formerly appealed from Upshur County. This opinion on the former appeal is reported in 272 S. W. 478.

*Carroll Florence* of Gilmer, *J. N. Campbell* of Longview, and *Hale, Scott, Casey & Hale* of Marshall, for appellant. On application for continuance for alibi witness appellant cites: Barmonte v. State, 276 S. W. 921; White v. State, 292 S. W. 884; Terry v. State, 272 S. W. 466; Baines v. State, 61 S. W. 191, and Smythe v. State, 17 Tex. Crim. App. 253.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is murder, the punishment confinement in the penitentiary for 25 years.

This case was formerly appealed from Upshur County. The opinion on the former appeal is found reported in 272 S. W. 478. The present conviction was had in Harrison County on a change of venue from Upshur County.

The state relied upon the testimony of the wife of the deceased, who testified that just prior to the homicide she and

her husband were picking cotton; that they went to the house
to get some water and that her husband returned to the field
by way of a road, while she went back through the field; that
before she reached the place where she and her husband had
been picking cotton she heard gunshots in the direction of the
road and heard her husband hollering; that she ran to the road
and found her husband lying in the road on his face and that
he was dead; that there were some woods immediately south
of the point where her husband was lying which extended back
one or two hundred yards up a hill; that when she reached her
husband she saw appellant with a gun running away in the
woods; that when she first saw appellant she was fifteen or
twenty steps from him.

Appellant and several of his witnesses testified that appellant
was a quarter of a mile away from the scene of the homicide
and was picking cotton at the time of the shooting which resulted
in the death of deceased.

The record discloses that appellant predicated his application
for a continuance on the absence of the witnesses Barney Bell,
Ray Bell and Mrs. Jimmie Davis, appellant's wife. It was recited
in appellant's application that each of the witnesses upon whose
absence the continuance was sought had been summoned to
appear in the District Court of Upshur County and that each
of said witnesses had theretofore attended court in said Upshur
County; that after the cause was transferred on a change of
venue to Harrison County, appellant had additional process
issued for the witnesses Barney Bell and Ray Bell, requiring
their attendance as witnesses in the District Court of said Har-
rison County; that said process was issued to Upshur County,
where Ray Bell and Barney Bell resided, but that said witnesses
were absent from Upshur County at the time, that upon infor-
mation that said witnesses were temporarily in Borger, Texas,
process was duly directed to said place for said witnesses, but
that said subpoena was not returned. Appellant attached to his
motion for new trial the affidavits of the absent witnesses. The
affidavit of Mrs. Davis shows that she would testify that her hus-
band, the appellant, was in his field picking cotton at the time of
the homicide. The affidavits of Barney Bell and Ray Bell show
that said witnesses would testify that they were in the vicinity of
the scene of the homicide at the time of the shooting and saw two
men running near the field of the deceased immediately after the
shooting, one of whom carried a double-barreled shotgun in his
hand, and that said men were strangers to the witnesses and
that neither of said men was appellant. The application for a

continuance further shows that the wife of appellant was absent from the court at the time the case was called for trial on account of serious illness, and that the doctor attending her certified in substance that she would be unable to go anywhere "any time soon." The court's qualification of the bill shows that the case was set for trial in the District Court of Harrison County on the 10th of January, 1927, and that although appellant made application for subpoenas for several witnesses prior to January 10th, the names of Barney Bell and Ray Bell were not included in the application; that the case was continued on the application of the state and was again set for trial on March 31, 1927; that on the 18th of March, 1927, appellant made his first application for a subpoena for Ray Bell and Barney Bell showing their address to be Upshur County, fifteen miles east from Gilmer; that said subpoena was returned by the sheriff of Upshur County showing that the witnesses had not been served for the reason that they were in West Texas; that on the 25th of March, 1927, appellant made application for a subpoena for the witnesses Ray Bell and Barney Bell to Hutchinson County and directed the clerk to note on the subpoena care of Day Douphrate, a merchant, Borger, Texas, and that said subpoena was mailed to the sheriff of Hutchinson County with the notation aforesaid thereon; that said subpoena was never returned by the sheriff of Hutchinson County, and that on the 31st day of March, the day the case was called for trial, the court ordered the sheriff to wire the deputy sheriff at Borger requesting that said subpoena be returned; that a wire in reply from the deputy sheriff at Borger was to the effect that the witnesses had left Borger on March 28th for Nocona, Texas; that the witnesses had never appeared in court in person, but only appeared by affidavit. The wife of appellant had been duly served with process. The application and the affidavits attached to the motion for a new trial disclose that the testimony of the absent witnesses was material.

Considering the affidavits attached to the motion for a new trial in the light of the entire record, we are of the opinion that a new trial should have been granted. Eppison v. State, 198 S. W. 948.

The other matters complained of are not discussed for the

reason that they are not likely to occur on another trial of the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.