FRANK CATES v. THE STATE.

No. 12152.   Delivered March 20, 1929.

The opinion states the case.

*W. H. Talbert, Gibson, Lovitt* and *Lovitt* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

The sheriff of Navarro County in going down a public road near Corsicana came upon the appellant, according to his testimony, standing near a Chevrolet truck in a ditch.   He detected the odor of whisky and observed burned cartons and broken bottles lying near. Continuing to Waxahachie he returned the same day and observed · that the truck was gone.   He thereafter came back to the same place and tracked a wagon from the point where the truck was located to the home of Virgil Williamson and there found in a wagon at Williamson's home a large quantity of whisky.   Williamson testified that he had been employed by appellant to transport this whisky from the truck to his home.   Appellant's theory supported by testimony was that he had rented this Chevrolet truck to a Mr. Taylor to drive to Amarillo after goods and that Taylor had without appellant's knowledge or consent used the truck to transport whisky across Navarro County and that Taylor was the man who had run the truck in the ditch, thereafter apprising him of same and that he immediately went there for the purpose of procuring his truck, which accounted for his presence at the truck when seen by the

Sheriff. He introduced testimony showing his presence in Ft. Worth at the time of and prior to the commission of the alleged offense.

The indictment in this case was filed in the District Court of Navarro County on April 19, 1928. On April 25, 1928, a subpoena was issued for one R. C. Jones, a United States prohibition enforcement officer. Subpoena was served on this witness on May 17, 1928. Appellant's case was tried on May 21, 1928, and on this date he filed application for a continuance in proper form, which showed in substance that he expected to prove by the said Jones that he heard the trade between Taylor and appellant for the rent of the truck in question to go to Amarillo after some personal property. The affidavit of Jones is attached to the appellant's motion for new trial showing the details of the trade he heard between appellant and the said Taylor and which fully corroborate all the statements made in appellant's motion for continuance as to what he expected to prove by said witness. It will be observed that appellant's trial was held in about a month after his indictment and that the witness was under process to attend court. The witness explained in his affidavit that his absence was due to the fact that he was under process and was compelled to be in Federal court in Dallas to there testify and it was impossible for him to obey both subpoenas. That the testimony was highly material is placed beyond question as it tended to prove the identity of the party whom appellant claimed was driving the truck and tended strongly to rebut the State's evidence. The Court seems to have overruled it on the ground that it was cumulative. Granting that its effect was to prove an alibi and therefore cumulative of other testimony, this constituted no reason for refusing a continuance. The reason of the rule as to cumulative testimony ordinarily does not apply where the absent testimony would prove an alibi. Pinckord v. State, 13 Tex. Crim. App. 477; Thomas v. State, 51 Tex. Crim. Rep. 330; Richardson v. State, 108 Tex. Crim. Rep. 218; Baimonte v. State, 101 Tex. Crim. Rep. 622.

Believing the Court's action in refusing to continue the case and to grant a new trial to the appellant upon the showing made was error, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.