## JOE SERBROCKER v. THE STATE.

No. 15835. Delivered April 19, 1933.
Reported in 59 S. W. (2d) 382.

The opinion states the case.

*R. H. Sigler,* of Athens, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

But one question is presented in this case, viz: that the court below erred in overruling appellant's first application for continuance. It appears without dispute that, as soon as this case was set down for trial, appellant applied for subpoenaes for five witnesses. He only had five days in which to produce

their presence. Their names, residences, etc., appear to have been properly stated. Two of the witnesses were summoned.

Appellant asked for a continuance, in proper and legal form, because of the absence of three Mexicans, also Bessie Ward and appellant's wife; the two latter being the witnesses upon whom subpoenaes were served. As to appellant's wife, it was shown without contradiction that she was ill on the day of trial and could not appear. As to Bessie Ward, it was shown without contradiction that she was temporarily out of the county on the day of trial, and for this reason did not appear. We forbear discussion of the application except insofar as it relates to the two witnesses served with summons, since the case must be reversed, and possibly appellant may procure the testimony of the three Mexicans referred to upon another trial.

Officers arrested appellant and found in his possession a part of a pint bottle of whisky which he had on his person, and found in the back of his car a half-gallon jar containing whisky. Appellant testified and disclaimed any knowledge of the whisky in the back of his car, and stated that the three Mexicans above referred to gave him a pint bottle of whisky for the use of himself and his wife as medicine, under circumstances a little more fully set out later. It was set up in the application that, if Bessie Ward was present, she would testify that she lived near appellant, and on the day in question she saw three Mexicans standing around the corner, observed them go to a plot of grass and get a quart jar from which they drank something; that said Mexicans appeared to be under the influence of intoxicating liquor; she observed appellant come up presently in his car and saw him talking to said Mexicans; saw the Mexicans go to the grass plot referred to and get the jar; saw appellant go to his house and get an empty bottle into which the Mexicans poured something from the jar; saw appellant go to his house immediately afterward, and while he was gone saw the three Mexicans put the quart jar in the back of appellant's car, into which and on the rumble seat of which two of the Mexicans got; that about this time she saw a truck come up and the two Mexicans hastily get out of the rumble seat of appellant's car, and all three of them got in the truck and left. She presently saw appellant come to his car, close down the rumble seat without looking in the back of the car, get in the car and drive away. It was stated in the application that appellant's wife would testify that she and appellant used whisky for medicine; that on the day in question appellant came in their house and got an empty bottle which he took out, and presently came back with it full of whisky from which she drank some and he drank,

she having cramps and he having a severe cold. She said they had a quarrel, and appellant left, and was arrested while gone. Appellant testified that he knew one or two of the Mexicans referred to, and had agreed to take them from Athens to Malakoff in his car on the occasion referred to; said Mexicans were to come to his house, and when he got home in the car they were waiting near his house. They asked him if he wanted a drink of whisky, and he told them that he would like to have a little, and they went to the grass plot referred to and got a gallon jar containing whisky from which he drank, and then asked them if they would give him a pint of it for medicine for himself and his wife. They agreeing, he went to his house, got an empty pint bottle, and brought it back and they filled it from the jar. He went in the house, and when he came out the Mexicans were either gone in the truck, or were getting in the truck and leaving. He said he closed down the rumble seat of his car without looking in it and got in the car and left: that he took with him the remaining part of the pint of whisky which he had carried in the house because he and his wife had quarreled and he needed it for his cold. He said while away from home on this occasion he was arrested by officers who found him in possession of the partially filled pint bottle, and that when they looked in the back of his car they found the jar containing whisky which he did not know was there.

It does not seem to need argument to support the proposition that the testimony of Bessie Ward and appellant's wife would have strongly supported his defense to the charge made against appellant. True, the court instructed the jury that if they believed appellant was transporting the whisky found in his possession for medicinal purposes for himself and his wife, they should acquit. This charge as given by the court must have been understood by the jury to apply to all the whisky found in his possession. Appellant did not claim to be transporting the quart jar of whisky for medicinal purposes. If the jury believed him unaware of the presence of the whisky in the back of the car, they might easily have come to a different verdict upon the testimony. We think appellant was entitled, upon the showing made, to have the case continued, and that the learned trial judge was in error in refusing the continuance, for which the judgment must be reversed.

For the error mentioned, the judgment will be reversed. and the cause remanded.

*Reversed and remanded.*