OSCAR HUMPHREYS V. THE STATE.

No. 20435.   Delivered May 24, 1939.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for selling whisky in a dry area. The punishment assessed is a fine of $100.00.

The State's testimony, briefly stated, shows that on the 3rd day of December, 1938, two agents of the Texas Liquor Control Board went to the home of appellant, entered his premises with their car, drove to within fifteen feet of the back porch of his home and purchased from him one pint of whisky for $1.35.

Appellant's first complaint is that the trial court erred in

overruling his first application for a continuance (which was in due form) based on the absence of his wife who was sick and unable to attend court to testify in his behalf. It is stated that he would have proved by her, had she been able to attend the trial, that she was at home on December 3rd, (the day that two men drove up in a car to the back of their home and purchased whisky) ; that they had only one pint of whisky in the house which was purchased by her husband for her use as medicine; that a man by the name of Weatherly was at their home at the time and she saw him go out to the car and talk to the men; that when he came back in the house, he said that he had sold them a pint of whisky for $1.35. That she knew her husband did not sell any whisky as they had but one pint and it was still at the house after the men left.

To this application is attached a certificate of her attending physician, who certified that she was "bed-fast" and had been so for some weeks, and that it would be inadvisable for her to leave her bed and attend court.

In his motion for a new trial, appellant complains of the action of the court in overruling his first application for a continuance. To this motion he attached the affidavit of his wife in which she states that had she been physically able to attend court, she would have testified to the facts set forth in the application.

Ordinarily, the granting or refusing of an application for a continuance rests within the discretion of the trial court, and unless it be shown that he abused his discretion, no reversible error is presented.

In the instant case, the highly contested issue was the identity of the person from whom the agents of the Liquor Control Board purchased the liquor in question. They were not acquainted with appellant, had not seen him before that day and he denied going to their car or that he sold them any whisky. It was his contention that Weatherly talked to them, and his wife's testimony would have corroborated him. That her testimony was very material to his defense and controverted that of the State's witnesses is obvious. She was summoned in due time, and there is no question as to appellant's diligence in this respect. We are of the opinion that under the rule laid down by this court in the case of Serbrocker v. State, 123 Tex. Cr. R 455, 59 S. W. (2d) 382; the trial court erred in overruling appellant's application for a continuance. See also Ray v. State, 278 S. W. 197; Davis v. State, 1 S. W. (2d) 641; Cates v. State, 15 S. W. (2d) 634; McKee v. State, 34 S. W. (2d) 592; Hill v. State, 95 S. W. (2d) 106.

The judgment is reversed and the cause remanded

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.