### A. M. Cowart v. The State.

No. 2561. Decided June 18, 1913.

1.—Theft of Mortgaged Property—Evidence—Other Offenses—Impeachment.

Where defendant took the witness stand, and the State, for the purpose of impeachment, was permitted to ask him on cross-examination as to other offenses which had no connection with the instant case, the same was reversible error.

2.—Same—Consent—Charge of Court.

Where, upon trial of selling mortgaged property the issue was sharply drawn whether defendant had the consent of the mortgagee to sell the alleged mortgaged property, the failure to submit this issue was reversible error.

3.—Same—Charge of Court—Consent—Written Order.

Where, upon trial of fraudulently selling mortgaged property, evidence was introduced showing that the mortgagee had given defendant a written order to the county clerk to turn over the mortgage in question, which the mortgagee denied, etc., it was error in the court's charge to instruct the jury that this would not be any defense in the case, but could only show intent, etc., as the same affected the credibility of the witness and bore on the question of consent.

4.—Same—Evidence—Moral Turpitude—Other Offenses—Rebuttal.

Where, upon trial of felony, the State was permitted to show that the defendant had been charged in other cases with embezzlement, the defendant should have been permitted to show that these cases had been dismissed, and that he had not been convicted of any felony.

Appeal from the District Court of Johnson. Tried below before the Hon. O. L. Lockett.

Appeal from a conviction of fraudulently disposing of mortgaged property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. W Odell* and *W. F. Ramsey,* for appellant.—On question of admitting evidence of other offenses: Saldiver v. State, 55 Texas Crim.

Rep., 177, 115 S. W. Rep., 584; Rice v. State, 54 Texas Crim. Rep., 149, 112 S. W. Rep., 299; Clay v. State, 65 Texas Crim. Rep., 402, 144 S. W. Rep., 280; Edmondson v. State, 150 S. W. Rep., 917; Carden v. State, 62 Texas Crim. Rep., 545, 138 S. W. Rep., 598; Nesbitt v. State, 65 Texas Crim. Rep., 349, 144 S. W. Rep., 944.

On question of failure to submit defensive theory: Simms v. State, 64 Texas Crim. Rep., 413, 148 S. W. Rep., 786.

On question of erroneous charge on written order in evidence: Reed v. State, 55 Texas Crim. Rep., 137, 114 S. W. Rep., 834.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is the second appeal. There are several grounds suggested by appellant for revision. Appellant gave a mortgage on April 14, 1908, to A. L. Lockman on two mules, a wagon and harness, and the mare set out in the indictment. The indictment is predicated upon the sale of the mare in violation of the terms of the mortgage charging intent to defraud Lockman. The mare was sold to A. W. Parker. Appellant testified that he had Lockman's consent to dispose of the mare. After the mare was sold to Parker there was a question raised about the matter and Parker returned the mare to appellant. She subsequently died. Lockman denied having given appellant his consent to sell the mare. On this issue the testimony is in conflict.

Appellant took the stand and testified in his own behalf. On cross-examination by the State he was asked with reference to several charges of embezzlement preferred against him in Tarrant County, and also if he had been indicted in Johnson County three times on charges of unlawfully disposing of mortgaged property, one of which was this particular case. This testimony was not admissible under the facts of this case as original evidence. It had no connection with this case except the one set out in this indictment, and, of course, they could not introduce the indictment in this case against him, because he was being tried for this particular violation. On this question the law is well settled, that where evidence of extraneous crimes is admissible it is always for some particular purpose, to show intent, to develop the res gestae, etc., and when evidence of this character is admitted for that purpose it is the duty of the court to limit to the particular purpose for which the evidence is introduced, but as we understand the case here, this testimony was admitted for the purpose of impeachment. The objection was timely saved and presented to the error of the court in refusing to limit this testimony. This has been so long and thoroughly settled we deem it unnecessary to cite cases in support of the correctness of appellant's proposition. The court did not limit the testimony, and for this error the judgment will have to be reversed.

It was an issue sharply drawn by the testimony that appellant had the consent of Lockman to sell the mare. Lockman denied this, but the

defendant introduced evidence to the effect that Lockman did give him his consent. Appellant raised this question by asking a special charge, which the court refused, and also by objection to the court's charge for failing to charge on this issue. This, of course, was error. Authorities are not necessary to cite on this proposition.

Evidence was introduced showing that Lockman had given appellant an order to the county clerk to turn over the mortgage in which this mare is included, and the clerk did turn it over to appellant. Lockman denied signing this order, yet Lockman's attorney testified that he did sign it and that he witnessed the signature. On this issue the court charged the jury at the request of the county attorney: "You are instructed that even though you believe from the evidence that the witness A. L. Lockman did sign the order dated 6/21/1908, same would not be any defense in this case, but said evidence can only be considered by you for what it may be worth in showing the intent of the defendant in the transaction in question." Various objections were urged to this charge: that it was on the weight of evidence; that the evidence affected the credibility of Lockman and should not have been withdrawn from the jury for that purpose, and the evidence had a direct bearing upon the question as to whether Lockman did or did not consent to defendant selling the mare, or at least, after he had knowledge of the sale ratify the same and adjust the matter with the defendant. It is contended the court should have allowed this evidence to go to the jury unfettered by any restrictive charges qualifying it. We are of opinion appellant's contention is correct. It might not have been within and of itself a defense in the case, but it did affect the standing of Lockman as a witness under the facts, and it was giving to the particular evidence an office and mission in the charge to the jury which was not justified by the law. It bore also upon the question of consent.

Defendant, testified in his own behalf. On cross-examination the county attorney asked defendant if he had not been charged in Tarrant County with embezzlement. This issue was not elicited by defendant in his direct examination. The defendant was required, over his objection, to state that he had been charged five times in Tarrant County with embezzlement. It is further recited in the bill that when said offenses were proved as aforesaid, upon redirect examination of the defendant, he was asked by his counsel to explain to the jury said charges of embezzlement, what became of the cases, how they came about and whether or not he was guilty of said charges. To this the county attorney objected, and the objection was sustained, and defendant was not permitted to answer or explain to the jury how the charges came about, etc. Defendant excepted because the charges had been proved against him by the State, without being elicited by defendant, and that unless the same was allowed to be explained to the jury it would prejudice the rights of defendant before the jury and leave the impression upon them that he was an embezzler. That if permitted to explain the same, he could show to the jury that such charges were groundless, and that he

was absolutely innocent of any such charges; and further that if the witness had been permitted to answer said question, he would then and there testify to the effect that said charges were filed against him at Fort Worth, on account of the fact that he had been working for Shaw Brothers in the ice business, and that defendant was the driver of one of the wagons, that a good many of his customers requested defendant that when their ice books gave out to receipt for them another one, that defendant frequently did so, and that defendant accounted to them for all money so received by him, and that when such facts were inquired of by the county attorney's office at Fort Worth the charges were all dismissed against him, and that he was not in anywise guilty of the said charges so filed against him. That if said defendant had been permitted to answer said propounded question he would then and there have testified to the effect and fully as above stated, but to which action of the court appellant excepted. The court refused to permit him to so testify. The court signs this bill of exceptions with this qualification: "The question being propounded by the county attorney without objection of defendant was admitted, but when reopened by defendant's attorney same was then objected to by State's attorney for reasons then assigned and by the court sustained. With this explanation same is approved.". The qualification intensifies the error. When the county attorney proved the fact that appellant had been indicted for embezzlement, appellant had the right to explain, at least, in a general way to show the cases amounted to nothing and that he was never tried or convicted upon them and that they were dismissed. He might not go into details of the transactions. This seems to be axiomatic. It is a fundamental proposition not only of law but of justice and right that wherever a man is charged with a dereliction he has a right to explain it by any legitimate available testimony. Not only so, but in Texas it has been fully so declared by statutory enactment. Whenever an act or any circumstance has been introduced against a defendant, he has the right to explain by any act or circumstances which is res gestae or part of it or incident to the matter or growing out of it, that the act was not criminal and thus avoid the bad effect of it before the jury.

There are other bills of exception along the same line which we deem unnecessary to discuss. The trial court will understand from what has been said that wherever a matter is introduced by the State to be detrimental to appellant, incriminative in its nature or attacking the credibility of the defendant as a witness, he has a right to meet and explain it to the jury to show that he was not what the State undertook to show him to be.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*