## R. E. DANIELS v. THE STATE.

No. 8977. Delivered April 20, 1925.

**1.—Disposing of Mortgaged Property—Charge of Court—Special Charge Refused—Error.**

Where on a trial for disposing of mortgaged property the defensive theory, supported by the evidence, was that the appellant sold the mortgaged property with the consent of the mortgagee, it was error for the trial court to refuse a special charge presenting this issue, it not having been covered in the general charge.

**2.—Same—Charge of Court—Defensive Issues.**

Where the evidence discloses that the mortgagor had from time to time sold numerous mortgaged animals, and delivered the proceeds to the mortgagee, who accepted same, and acquiesced in the sales, it was error to refuse a special charge that if appellant afterward sold the mortgaged mule covered by the same mortgage, believing that he had the right to sell it, and that the mortgagee was willing for him to sell it, and that if he did so sell it, he would not be guilty of fraudulently disposing of mortgaged property.

Appeal from the District Court of Falls County. Tried below before the Hon. Prentice Orltorf, Judge.

Appeal from a conviction of fraudulently disposing of mortgaged property; penalty, two years in the penitentiary.

The opinion states the case.

*Nat Llewellyn* and *W. W. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Falls County of disposing of mortgaged property, and his punishment fixed at two years in the penitentiary.

The facts in this record show rather a peculiar case. We may no exactly comprehend them. Mr. Linthicum said he was president of the First National Bank of Marlin; that in February 1922 the bank took appellant's note for $720.75, which included the amount of a loan with the interest added. Witness said that appellant owed the bank a $320.00 note that was not due. Neither note, if appellant owed two notes to the bank at that time, was introduced in evidence. Only one mortgage was introduced which seems to have been given by appellant on the 14th of January 1922 to secure an indebtedness to the First National Bank amounting to $324.00. If any new mortgage was executed at the time the note for $720.75 was executed, it is not shown by the record. Mr. Linthicum testified that on March 13th appellant brought to the bank $75.00 which he said was from the sale of a cow, and on September 12th $195.55 which he said was from the sale of eighteen hogs; on September 14th $42.92 for the sale of six calves. Elsewhere in his testimony he says that appellant sold two of the mules for $290.00, which apparently was turned over to the bank also. He further testified that appellant paid interest on the note in money amounting to $1975. It appears that each of these sales of property was made, with the possible exception of the mules, by appellant without referring the matter to the bank, and that after the sale of the property was made the money was brought to the bank and by them accepted with knowledge of the fact that the property covered by their mortgage had been sold by appellant. No complaint seems to have been made of any of these transactions, nor any objection to such preceedings. It is further in evidence that in the fall of 1922 appellant sold a mule covered by said mortgage for $125.00, and that the next day he came to see Mr. Linthicum and told him that he had been robbed of the money from the sale of this mule. Appellant and his wife both testified that Mr. Linthicum told them in August 1922 that he wanted appellant to go ahead and sell the stuff and apply the proceeds to the payment of the note. Appellant himself testified to the sale of the mule and that the money that he obtained from the sale was taken from him that night and that he had no opportunity to pay it to Mr. Linthicum.

In this condition of the record appellant asked a special charge instructing the jury that if they believed from the evidence that Mr. Linthicum stated to appellant that he wanted him to sell his stock so as to meet his notes and that thereafter he did sell same, that he would not be guilty of disposing of mortgaged property, although he did not in fact thereafter turn all the money so received over to Mr. Linthicum. In view of the unquestioned course of dealing between appellant and Linthicum, and it being admitted without dispute that appellant had repeatedly sold parts of the mortgaged property without objection on the part apparently of the bank or its officers, and that they had received the money resulting therefrom, and the further direct testimony of appellant and his wife that they were authorized by Mr. Linthicum to sell the property for the purpose of meeting the indebtedness, we think the learned trial judge in error in not submitting this charge or its substance to the jury. We find nothing in the main charge covering this point. Cowart v. State, 158 S. W. Rep. 809.

Appellant also asked a special charge instructing the jury that if from the bank's acquiescence in his sale of the cows and hogs and calves, mules, etc. covered by the mortgage, and their acceptance of the proceeds resulting from the same appellant was reasonably led to believe that the bank was willing for him to sell the other stock covered by the mortgage, and that after said transactions he sold another mule described in the indictment, believing that he would have the right to sell it, and that Mr. Linthicum, President of the bank, was willing for him to sell said property, and that if he sold it so believing, then he would not be guilty of fraudulently disposing of mortgaged property. We believe under the facts of this case that this charge, or the substance thereof, should have been also given to the jury. Appellant first sold a cow covered by the mortgage, and this sale was not objected to but acquiesced in, and the money resulting therefrom accepted by the bank and applied on the note; thereafter appellant sold 18 hogs covered by the mortgage, which sale was not objected to but acquiesced in and the money accepted by the bank; thereafter appellant sold a number of calves covered by the mortgage, which sale was not objected to but acquiesced in and the proceeds accepted by the bank. We have no doubt from the facts before us in this case but that if appellant after having sold the particular mule for the sale of which he is here charged, had taken the money received therefor to the bank, they would have accepted it and credited it upon the note and there would have been no prosecution for the fraudulent disposition of said animals. If our conclusion be true appellant is here prosecuted, not for the sale of the mule but for the failure to bring to the bank the proceeds arising from the sale. This is not the purpose or con-

templation of the law which forbids the fraudulent sale of mortgaged property. There appeared to be a number of transactions on the part of appellant which were testified to by various witnesses the admission of which testimony is complained of in appellant's brief but does not appear to have been properly objected to and hence cannot be considered by us.

Believing the learned trial judge fell into error in not giving the charges above discussed and for such error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*