## John Miller v. The State.

### No. 10172.   Delivered March 16, 1927.

### Rehearing denied State May 11, 1927.

**1.—Murder—Evidence—Impeaching Witness—His Right to Explain.**

Where, on a trial for murder, a witness for appellant on cross-examination by the state, admitted that he had been indicted for theft, it was error to refuse to permit said witness, on re-direct examination, to explain the circumstances of said indictment, for the purpose of removing the imputation of untruthfulness that had been cast upon his testimony. Following Tippett v. State, 37 Tex. Crim. Rep. 186, and other cases cited.

**2.—Same—Charge of Court—On Manslaughter—Too Restrictive.**

Where the evidence in a homicide case clearly raised the issue of a difficulty engaged in by deceased and several others with appellant, the court's charge on manslaughter, which restricted the jury to the consideration of the acts of deceased alone, was erroneous. The charge should have instructed them to consider the acts and conduct of others who were acting with deceased at the time of the homicide. Following Byrd v. State, 39 Tex. Crim. Rep. 609, and other cases cited.

#### ON REHEARING BY STATE.

**3.—Same—Evidence—Witness' Right to Explain—Rule Stated.**

It has been the uniform rule, since the days when the Supreme Court

had appellate jurisdiction of criminal cases, that a witness has the right to explain any fact brought out against him by the other party, which tends to create distrust of the truthfulness or integrity of the witness. Embraced within this general rule, it has been uniformly held that a witness who has been impeached by proof that he has been indicted for a felony has the right to explain the circumstances, and the result which followed such indictment. See State v. Ivey, 41 Texas 38, and other cases cited. Distinguishing Howard v. State, 111 S. W. 1038.

### 4.—Same—Charge of Court—On Manslaughter—Erroneous.

On rehearing, the state urges that the court was in error in holding the charge on manslaughter too restrictive, because it did not permit the jury to take into consideration the acts and conduct of others beside the deceased. We cannot agree with this contention. The charge, in effect, told the jury that they could not consider the acts of persons who were acting with the deceased, in passing upon appellant's claim that he was acting under passion, arising from an adequate cause in killing deceased.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction of murder, penalty seven years in the penitentiary.

The opinion states the case.

*E. T. Branch* of Houston, for appellant. On restrictive charge, the appellant cites: Byrd v. Texas, 39 Tex. Crim. Rep. 609; Stacy v. State, 48 Tex. Crim. Rep. 97; Brown v. State, 54 Tex. Crim. Rep. 127; Garcia v. State, 156 S. W. 941; House v. State, 75 Tex. Crim. Rep. 338.

*C. G. Kureger, Critz & Lawhon* of Taylor, *Wilcox & Graves* of Georgetown; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of murder, and his punishment assessed at seven years in the penitentiary.

The record discloses that the appellant and Foster Bell were jointly indicted in Austin County for the offense of murdering Robert Schaffner by shooting and killing him with a gun on or about the 5th day of September, 1922; and that on change of venue the appellant was convicted of said defense in Williamson County. The record further discloses that the deceased, Robert Schaffner, and Tommy Bell had engaged in a fight prior to the homicide, and that thereafter the Bell boys and other parties acting with them engaged in a fight with the deceased and his father, F. C. Schaffner, in the town of Sealy with the result that Robert Schaffner, his father, F. C. Schaffner, and two of the

Bell boys were killed. It was the contention of the state that the appellant, acting with the Bell boys and other parties, was an actual participant in precipitating the fight and took an active part therein, and that his acts and motives were prompted by malice toward the said F. C. Schaffner, deceased. While the appellant failed to testify in his own behalf, he defended upon the ground, and introduced testimony to the effect, that he was not acting with the Bell boys and others in the fight, but, on the contrary, that he was standing near the scene of the difficulty engaged in a conversation with one Will Phenice when the fight began and suggested to said Phenice that they separate the parties, and that this was his only connection with the affray.

Appellant's counsel rely upon two propositions for a reversal of this case. In bill of exception No. 1 the appellant complains of the action of the court, after the witness Will Phenice had testified favorably to appellant's defense and the state, on cross-examination, had proved by said witness that he had been indicted for theft, in refusing to permit the witness, on re-direct examination, to testify and explain the circumstances of said indictment for the purpose of removing the imputation of untruthfulness that had been cast upon his testimony, and for the purpose of reinstating the witness before the jury. Upon objection by the state, the court refused to permit said witness to make the explanation, but offered to permit said witness to testify as to what became of the charges against him. We are of the opinion that the learned trial judge fell into error in refusing to permit this witness to explain said charges against him and to reinstate himself, if he could, before the jury by removing the cloud placed upon him and his testimony by reason of said charges. Tippett v. State, 37 Tex. Crim. Rep. 186; Wallace v. State, 82 Tex. Crim. Rep. 588, 200 S. W. 407; Skinner v. State, 251 S. W. 810; Randell v. State, 278 S. W. 210.

The appellant also complains of, and at the proper time objected and excepted to, the following portion of the court's charge on manslaughter:

"(b) The act must be directly caused by the passion arising out of the provocation. It is not enough that the mind is merely agitated by the passion arising from some other provocation, or a provocation given by some other person than the party killed or other persons acting with the party killed."

The appellant contends that this charge was too restrictive in that it did not permit the jury to take into consideration the

acts and conduct of F. C. Schaffner, Hauley Vireck, and other persons acting with them, but restricted the jury to the consideration alone of the acts and conduct of Robert Schaffner, deceased, while the evidence showed that the other parties were acting with him at said time. We are of the opinion that the appellant's contention will have to be sustained, and that the learned trial judge should not have restricted the jury to the provocation of Robert Schaffner alone but should have instructed them to consider the acts and conduct of others who were acting with him at the time of the homicide. This issue was clearly raised by the testimony introduced in behalf of appellant to the effect that Robert Schaffner, deceased, and his father, F. C. Schaffner, deceased, Ernest Schaffner and Hauley Vireck were acting together in the fight. This court has held many times that it was error to restrict a manslaughter charge to the acts and conduct of one party alone where others were acting with such party at said time. Byrd v. State, 39 Tex. Crim. Rep. 609, 47 S. W. 721; Stacy v. State, 48 Tex. Crim. Rep. 97, 96 S. W. 327; Brown v. State, 54 Tex. Crim. Rep. 127, 112 S. W. 80; Garcia v. State, 70 Tex. Crim. Rep. 485, 156 S. W. 941; House v. State, 75 Tex. Crim. Rep. 338, 171 S. W. 210; Claxton v. State, 288 S. W. 449.

For the errors above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

LATTIMORE, JUDGE.—The state urges in its motion that we were wrong in holding that the trial court's refusal to let witness Phenice explain the theft charge which the state proved had been lodged against him, was error on the part of the lower court. It is contended that recent decisions of this court go further in reference to letting in detailed explanations in such cases, than the earlier holdings of the court do. It has been the uniform rule since the days when the Supreme Court had appellate jurisdiction of criminal cases in Texas, that a witness has the right to explain any fact brought out against him by the other party which tends to create distrust of the truthfulness or integrity of the witness. State v. Ivey, 41 Texas 38; Kunde v. State, 22 Tex. Crim. App. 98; Bruce v. State, 31 Tex. Crim. Rep. 594. The

general principle thus announced is believed to be the same as that here involved.    In Tippett v. State, 37 Tex. Crim. Rep. 191, we seem to have first spoken directly on the point involved.    A witness was shown in that case to be under indictment for theft. We said in our opinion that on re-examination by the party introducing him the witness should have been allowed to state that he was a bona fide purchaser of the alleged stolen cattle, and that he had not stolen them.    In Cowart v. State, 71 Tex. Crim. Rep. 116, we said that if the state proved that the accused had been indicted for embezzlement, he had the right to explain, at least in a general way to show the cases amounted to nothing, *and* that he was never tried or convicted upon them, *and* that they were dismissed.    We also said "He might not go into details of the transaction."    The state relies in the motion before us on what is said in the Cowart case, supra, and the Howard case, 111 S. W. 1038.    We think the Howard case not in point but clearly distinguishable.    In that case the witness proved to be under indictment, was not asked about such fact or to make any explanation, by the accused placed on the witness stand the attorney who represented the witness referred to, and offered to prove by the attorney that he had investigated the charges against his client and that there was no foundation for such charges. This testimony was rejected, and we correctly upheld its rejection.    In the Tippett case, supra, the doctrine of the instant case is announced, not so much in detail but substantially, for if one against whom it has been shown that he is under indictment, may testify he did not steal the property in question but bought it and paid for it in good faith, the Rubicon is crossed, and the domain of detail is invaded.    In the Cowart case, supra, we are at some loss to know just what the great judge writing the opinion meant when he said therein if one who had been asked if he was under indictment, and admitted it—that he might explain in a general way and show that the case amounted to nothing, *and* might show that the case had been dismissed or never tried.    We are constrained to believe that if the attention of the judge of this court writing that opinion had been focused on this exact point and the decision in the Tippett case, supra, had been brought before him, as well as those cases announcing the general principle above referred to, he probably would not have used the expression in the opinion which is relied on by the state here but would have expressed himself, as was his wont, with vigorous clarity and in accord with the doctrine of the recent cases.    How could one explain, even in a general way,

so that the explanation would have any weight or be of value, without some details?

There is a difference between the rule in civil cases and in criminal cases in this state in regard to admitting testimony that one has been charged with crime as affecting the credibility of the person so charged, as a witness in court. The practice in criminal cases allows such proof. Manifestly when one has been so charged, and the case against him has subsequently been dismissed or an acquittal had, the question of the reflective force of proof of the fact that he has been charged merely, might be doubtful. If either party know in advance—and the very fact of asking such question would afford ground for presumption of such knowledge—that the charge against the witness has been dismissed or that he had been acquitted, it would seem to be fair for such party to ask of the witness if he has not been so charged, under peril of having the party thus attacked make his statement that he was not guilty, or make such explanation as he reasonably desires in connection therewith. Upon the testimony of such attacked witness, however, we think the matter should rest and that other witnesses might not be called on the issue, as was attempted in the Howard case, supra. To us this rule seems fair. Even if one who admits that he has been convicted attempts to make some explanation in mitigation or refutation of the reflection resulting from such proof, and the attacking party be denied the right to introduce testimony controverting this issue, it still seems the attacking party would have the best of the argument. We are unable to agree with the state's contention in this regard.

Upon the other proposition advanced in the motion, viz.: that we erred in holding the charge on manslaughter too restrictive because it did not permit the jury to take into consideration the acts and conduct of others beside the deceased, we are constrained, upon re-examination of the record, to think we were correct. Careful analysis of the charge excepted to shows that in fact the trial court in effect told the jury that they could not take into consideration the acts of persons acting with deceased, in arriving at a solution of appellant's claim that he was acting under passion arising from an adequate cause in killing deceased.

The state's motion for rehearing is overruled.

*State's motion overruled.*

Morrow, P. J., not sitting.