SAM HUNTER v. THE STATE.

No. 13571. Delivered November 5, 1930.
Reported in 32 S. W. (2d) 851.

The opinion states the case.

*Bartlett & Peterson* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, robbery by assault; penalty, five years in the penitentiary.

A former appeal of this case resulted in a reversal. See 18 S. W. (2nd) 1085. A companion case was affirmed. Hunter v. State, 18 S. W. (2nd) 627. The facts sufficiently appear in the report of these two cases.

Upon the trial of the instant case it was elicited from appellant on cross-examination by the State that he was under suspended sentence for killing another negro. The appellant on redirect examination offered to testify to certain exculpatory facts explaining the matter brought out by the State. Objection to these was sustained and he was not permitted to explain the matter. About this question we recently stated:

"The State having gone into the matter and sought to discredit appellant as a witness by proof of the indictment, appellant was entitled to remove the imputation thus cast upon him by an explanation of same, if any he had. Particularly is this true where the explanation involved matters that were a part of the very transaction gone into by the prosecution. Speaking of this question, Judge Davidson uses the following language: 'Not only so, but in Texas it has been fully so declared by statutory enactment. Whenever an act or any circumstance has been introduced against a defendant,

he has the right to explain, by any act or circumstance which is res gestae, or part of it, or incident to the matter or growing out of it, that the act was not criminal, and thus avoid the bad effect of it before the jury.' Cowart v. State, 71 Tex. Cr. R. 116, 158 S. W. 809, 810. The case of Miller v. State, 106 Tex. Cr. R. 640, 294 S. W. 582, by Judge Lattimore, goes rather exhaustively into the question of the right of an accused as a witness for himself to make an exculpatory explanation of an indictment introduced by the state to affect his credibility as a witness and his right to do so is there clearly decided." Elam v. State, 29 S. W. (2nd) 348. See especially Tipett v. State, 37 Tex. Crim. Rep. 190; Anderson v. State, 21 S. W. (2nd) 501.

We think proof that a witness is under a suspnded sentence may be explained by such witness, under the limitations prescribed in the authorities, and that the court's action under the circumstances shown here was error.

The State proved that five dollars was forcibly taken from the prosecuting wintess Martinez by appellant and his co-principal, Myrtle Hunter, it being shown that the two were joint actors in the perpetration of the offense. Appellant claimed he was absent when the offense, if any, was committed, it being his theory that the money was gotten by his co-principal for an act of carnal favor granted by her to Martinez. When appellant took the stand as a witness he was asked by the State and answered on cross-examination that he put the five dollar bill under the rug in the room at the boarding house to which he and Myrtle Hunter went after the robbery. The Court refused him permission to explain on redirect examination why he put this bill there. He offered to state that he did so at the request of Myrtle Hunter, who stated that she had had illicit relations with the Mexican, Martinez, who had given her the money for that reason and that in the altercation which occurred afterwards she believed that she had cut the Mexican and was afraid the officers would come down and arrest her and told him to hide the money and the knife.

Other bills complain of the refusal of the Court to permit the appellant to detail conversations which he claims were a part of the very acts proven against him by the State. In our opinion the Court erred in his action in these matters. Of such a matter we stated in the case of Haley v. State, 2 S. W. (2nd) 260:

"His codefendant, being under indictment, had his lips sealed by the provision of the statute which prevented his testifying, and

the action of the court sealed the lips of appellant, so that his only defense was never heard by the jury. 'The defendant must be permitted on his direct examination to explain his conduct and declarations as he has testified to them or as they have been described by other witnesses. He must be permitted fully to unfold and explain his actions and to state the motives which he claims prompted them.' Underhill's Criminal Evidence (3d Ed.), Sec. 113." See also Branch's P. C., Sec. 94.

We quote further from the Haley case:

"It seems too plain for argument that an accused ought to be given the opportunity to explain that an act shown to be criminal by the state was not in fact such."

Some of these were part of the very act and declaration proven by the State and were admissible under the express terms of Art. 728, C. C. P. (1925). See Sanderson v. State, 3 S. W. (2nd) 453; Pratt v. State, 53 Tex. Crim. Rep. 281; where a like question was discussed and decided.

For the errors pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.