WALTER DAVIS v. THE STATE.

No. 14047.  Delivered June 26, 1931.

The opinion states the case.

*Scott, Casey & Hall,* of Marshall, *Warren & Warren,* of Tyler, *G. L. Florence,* of Pittsburg, and *C. E. Florence,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

This is the third appeal. Former appeals are reported in 100 Texas Crim. Rep., 220, 272 S. W., page 478, and 108 Texas Crim. Rep., 524, 1 S. W. (2d), page 641. The present conviction was had in Smith county upon a change of venue from Harrison county.

The state relied upon the testimony of the wife of V. A. Harris, deceased, who testified that just prior to the homicide she and her husband were picking cotton; that they went to the house to get some water, and that her husband returned to the field by way of a road, while she went back through a field; that before she reached the place where she and her husband had been picking cotton she heard gun shots in the direction of the road and heard her husband hollering; that she ran to the road and found her husband lying in the road on his face; that he was dead; that there were some woods immediately south of the point where her husband was lying, which extended back 100 or 200 yards up a hill; that when she reached her husband she saw appellant with a gun running away in the woods; that when she first saw appellant she was 15 or 20 steps from him. As a motive for the killing the state offered testimony to the effect that deceased and his wife had been before the grand jury of Upshur county and testified that they had seen intoxicating liquor in appellant's home.

Appellant and several of his witnesses testified that appellant was a quarter of a mile away from the scene of the homicide at the time of the shooting, engaged in picking cotton.

Without setting forth the circumstances warranting the conclusion that appellant knew that the wife of deceased had seen whisky in appellant's home and that thereafter deceased and his wife appeared before the grand jury and testified to such fact, the opinion is expressed that the testimony was properly received in evidence. It fairly tended to raise an inference in favor of the existence of a motive on the part of appellant to kill deceased. In reaching the conclusion that the evidence was admissible, we have taken note of the rule that made it incumbent upon the state to show that appellant was aware of the action of deceased and his wife in going before the grand jury and testifying against him. See DeLeon v. State, 68 Texas Crim. Rep., 625, 155 S. W., 247. We think the state showed circumstantially that appellant knew at the time of the homicide that the wife of deceased had seen whisky in his home and that

she and her husband had appeared before the grand jury to testify concerning the matter.

It appears from bill of exception No. 12 that appellant's witness Williams had given testimony material to appellant's defense. Upon cross-examination the state elicited from the witness that he had been indicted in the district court of Upshur county in 1921 for the offense of transporting intoxicating liquor. Upon redirect-examination appellant's counsel undertook to have the witness explain the circumstances surrounding his indictment. The witness would have testified, in substance, that the prosecuting witness in the case was a drug addict and was thereafter adjudged to be insane; that shortly prior to the return of the indictment the prosecuting witness in the liquor case and witness Williams had had a personal difficulty growing out of the fact that witness Williams had been required to pay a security debt for the prosecuting witness; that there was nothing to the case. It appears that the witness had not been tried. The court sustained the state's objection, and refused to permit the witness to explain the charge, holding that appellant's counsel could go no further than to show by the witness that the case had been dismissed. The learned trial judge fell into error. We quote the language of Judge Lattimore in Miller v. State, 106 Texas Crim. Rep., 636, 294 S. W., 582, as follows:

"It has been the uniform rule, since the days when the Supreme Court had appellate jurisdiction of criminal cases in Texas, that a witness has the right to explain any fact brought out against him by the other party, which tends to create distrust of the truthfulness or integrity of the witness. State v. Ezell & Ivey, 41 Texas, 38; Kunde v. State, 22 Texas App., 98, 3 S. W., 325; Bruce v. State, 31 Texas Crim. Rep., 594, 21 S. W., 681. The general principle thus announced is believed to be the same as that here involved. In Tippett v. State, 37 Texas Crim. Rep., 191, 39 S. W., 120, we seem to have first· spoken directly on the point involved. A witness was shown in that case to be under indictment for theft. We said in our opinion that on re-examination by the party introducing him the witness should have been allowed to state that he was a bona fide purchaser of the alleged stolen cattle, and that he had not stolen them. In Cowart v. State, 71 Texas Crim. Rep., 116, 158 S. W., 809, we said that, if the state proved that the accused had been indicted for embezzlement, he had the right to explain, at least in a general way to show the cases amounted to nothing, and that he was never tried or convicted upon them, and that they were dismissed. We also said: 'He might not go into details of the transactions.' The state relies in the motion before us on what is said in the Cowart Case, supra, and the Howard Case, 53 Texas Crim. Rep., 378, 111 S. W., 1038. We think the Howard Case not in point, but clearly distinguishable. In that case the witness proved to be under indictment, was not asked about such fact or

to make any explanation, but the accused placed on the witness stand the attorney who represented the witness referred to, and offered to prove by the attorney that he had investigated the charges against his client, and that there was no foundation for such charges. This testimony was rejected, and we correctly upheld its rejection. In the Tippett Case, supra, the doctrine of the instant case is anonunced, not so much in detail, but substantially, for, if one against whom it has been shown that he is under indictment may testify he did not steal the property in question, but bought it and paid for it in good faith, the Rubicon is crossed, and the domain of detail is invaded. In the Cowart Case, supra, we are at some loss to know just what the great judge writing the opinion meant when he said therein, if one had been asked if he was under indictment, and admitted it, that he might explain in a general way and show that the case amounted to nothing, and might show that the case had been dismissed or never tried. We are constrained to believe that, if the attention of the judge of this court writing that opinion had been focused on this exact point, and the decision in the Tippett Case, supra, had been brought before him, as well as those cases announcing the general principle above referred to, he probably would not have used the expression in the opinion which is relied on by the state here, but would have expressed himself, as was his wont, with vigorous clarity, and in accord with the doctrine of the recent cases. How could one explain, even in a general way, so that the explanation would have any weight or be of value, without some details?

"There is a difference between the rule in civil cases and in criminal cases in this state in regard to admitting testimony that one has been charged with crime as affecting the credibility of the person so charged, as a witness in court. The practice in criminal cases allows such proof. Manifestly, when one has been so charged, and the case against him has subsequently been dismissed or an acquittal had, the question of the reflective force of proof of the fact that he had been charged merely might be doubtful. If either party know in advance—and the very fact of asking such question would afford ground for presumption of such knowledge—that the charge against the witness has been dismissed, or that he has been acquitted, it would seem to be fair for such party to ask of the witness if he has not been so charged, under peril of having the party thus attacked make his statement that he was not guilty, or make such explanation as he reasonably desires in connection therewith. Upon the testimony of such attacked witness, however, we think the matter should rest, and that other witnesses might not be called on the issue, as was attempted in the Howard Case, supra. To us this rule seems fair. Even if one who admits that he has been convicted attempts to make some explanation in mitigation or refutation of the reflection resulting from such proof, and the attacking party be denied the right to

introduce testimony controverting this issue, it still seems the attacking party would have the best of the argument. We are unable to agree with the state's contention in this regard."

See also Anderson v. State, 113 Texas Crim. Rep., 450, 21 S. W. (2d) 499.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.