## MARVIN HAYES V. THE STATE.

No. 15811. Delivered April 12, 1933.
Reported in 59 S. W. (2d) 163.

The opinion states the case.

*W. B. Baker* and *Tom Sealy*, both of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE. — The offense, selling intoxicating liquor; the punishment, one year in the penitentiary.

H. R. Renfro, a witness for the state, testified that he lived in Coleman and he knew the appellant, Marvin Hayes, and he also knew one Sam Munro. On the 16th day of April, Munro came into his shop about 4 o'clock in the afternoon, and while he was cutting his hair he observed that the said Munro had been drinking. While he was cutting Munro's hair, and before he had finished, he saw the appellant pass through the lobby of the hotel in which his barber shop was located, and Munro called to the appellant, and went just outside the shop, about 7 or 8 feet from where the witness was, and he saw the appellant hand Munro a pint bottle. Munro then came back into his shop and cashed a two dollar check and walked back and handed the appellant one dollar of it. Munro then came back, and, while the witness was finishing cutting his hair, he saw something in his pocket, and Munro asked him if he wanted a drink. He then uncorked the bottle and examined it, and there was whisky in it. The witness further testified that Munro left his coat in the shop, and there was about an inch of whisky in the bottle, which the witness poured out. He further testified that Munro did not offer him a drink when he first came into the shop and he did not have a bottle at that time and did not have a bottle of liquor until after he had talked to the appellant. He stated further that he knew it was whisky in the pint bottle that Munro got from the appellant because he tasted the whisky and he knew whisky when he tasted it.

Sam Munro, the person to whom the appellant was alleged to have sold the liquor, was introduced as a witness by the appellant. He testified that he didn't buy any whisky from the

appellant, but that he purchased the whisky from two men in a car who picked him up on the road to Coleman, and that was the whisky he had when he went to the barber shop.

The appellant testified in his own behalf that he had seen the witness Sam Munro in the barber shop on the 16th day of April; that he had gone in there to get a shoe shine, and the said Munro was in a barber chair, and he denied that he gave him any package or that he had any dealings with him at all; that on the 16th day of April, the time he was alleged to have sold whisky to Munro, he did not have any whisky in his possession.

It appears from bill of exception No. 1, that, after the state's witness, H. R. Renfro, had testified as to what he had seen occur between the appellant and Sam Munro, the district attorney asked said Renfro if he had testified before the grand jury, to which the appellant excepted on the ground that it was trying to impeach his witness. The exception was overruled, the district attorney stating that he had been surprised by the testimony of the witness as to what actually occurred at the time. The district attorney then asked the witness Renfro if he had not talked to him about his testimony that morning, to which the witness answered, "Yes," and the district attorney further asked the witness if he hadn't told him what his testimony would be and had never told him that it would be different at any time. He then asked him if his statement had not been reduced to writing and signed by him while he was in the grand jury room. The district attorney then asked him the following question, "I will ask you if you did not say 'I had observed that Mr. Munro was drinking some while he was in my chair and after Mr. Munro got out of my chair I asked Mr. Hayes not to sell Mr. Munro any more liquor as he would get into jail,'" to all of which the appellant objected. The bill further shows that the witness stated that there was an error in the statement and he did not have such a talk. So far as the bill shows, the matter was not pursued any further, but nevertheless the appellant objected to all of the matters pertaining to this statement because it was prejudicial and improper to go into what took place in the grand jury room and was hearsay acts and declarations and not a proper basis to authorize such investigation. No reversible error is shown by this bill of exception. See White v. State, 10 Texas App., 397; Bennett v. State, 24 Texas App., 73, 5 S. W., 527; Blake v. State, 38 Texas Crim. Rep., 377, 43 S. W., 107.

Bill of exception No. 5 shows that on appellant's cross-examination of the state's witness H. R. Renfro he proved by said witness that he had been convicted of unlawfully having intercourse with a woman under the age of 18 years and given a suspended sentence. The bill further shows that over the appellant's objection the state was then permitted on redirect examination of said witness to ask the said witness if the act of intercourse he had had with the girl was not with her consent, to which the witness answered that it was with her consent. Appellant objected to said testimony because it was another and different transaction not under investigation, and was going into details of another and different trial, which objections were by the court overruled. It is the uniform rule in this state that a witness has a right to explain any fact brought out against him by the other party which tends to create distrust of the truthfulness or integrity of the witness. Kunde v. State, 22 Texas App., 98, 3 S. W., 325; Bruce v. State, 31 Texas Crim. Rep., 594, 21 S. W., 681; Miller v. State, 106 Texas Crim. Rep., 636, 294 S. W., 582; Davis v. State, 40 S. W. (2d) 809.

Bill of exception No. 6 shows that the state was permitted, over the objection of appellant, to prove by the witness Renfro that two or three days after he had gone before the grand jury the appellant and his brother had assaulted him after he had told the appellant that he had been subpoenaed before the grand jury and required to tell what he knew about the case, to which testimony the appellant objected on the ground that it was immaterial and irrelevant and going into details, and involved hearsay and a different transaction from that under investigation. We think that it was permissible to show that the appellant had approached the state's witness and, after he had been told that the witness had been before the grand jury, that he assaulted him. See Brown v. State, 160 S. W., 374.

By bill of exception No. 8 it is shown that the appellant objected to the following remarks of the district attorney made in his argument to the jury: "It is my deduction from the evidence that the defendant Hayes was going about the hotel selling whisky to different people."

By bill of exception No. 9 appellant complains of the following argument of the district attorney: "To give your approval to action of this defendant not only in selling the liquor but in his attempt to intimidate the witness would be lending encouragement to a situation which would result in anarchy and lawlessness. Perhaps when Al Capone started out in his defiance of the law his defiance was small like that of the de-

fendant but it had grown until the great city of Chicago was now under a reign of terror."

To all of said argument the appellant objected and asked the court by written instruction to instruct the jury to disregard, which the court refused to do. Without holding said argument erroneous, neither of said bills disclose the connection in which the remarks were used, and it is not every improper argument that will require reversal of a case for failure of counsel to confine themselves to the record. It must be made to appear from the record that it was of such character that injury would result to defendant by reason thereof. This the bills fail to show, and it does not appear from the bills that the remarks were of a material character and such as under the circumstances were calculated to injuriously affect the rights of the appellant. Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W., 52, 58; Himmelfarb v. State, 76 Texas Crim. Rep., 173, 174 S. W., 586; Pierson v. State, 18 Texas App., 524.

The appellant excepted to the court's charge because the court failed to charge on circumstantial evidence. The statement of facts shows that the witness H. R. Renfro, after giving his original testimony, was recalled as a witness for the state, and, on cross-examination of said witness by the appellant, he testified as follows: "I testified this morning that I saw the defendant sell to Mr. Sam Munro first a bulk and I finally said it was a pint of whisky. It was a pint of whisky. I will say that it was a pint of whisky. I was standing by my chair looking them right in the face when I saw that take place. I was standing beside my chair. This took place some 7, 8, or 9 feet from me. It was 5 or 6 feet from where I was standing to this partition. They were standing just outside of the partition. You will ask me if I did not state this morning first that it was bulk that I saw Hayes hand Munro, and if then I did not state that it was a pint. I said it was a kind of bulk or a pint. As to what I meant by bulk, well, it was not a bale of cotton. It was a pint bottle of whisky if you want to know about it. At the time Sam Munro bought the whisky from the defendant, he did not pay him but he came back in there and I cashed a check. The defendant walked into the barber shop and the money was paid there about 3 feet in front of me."

We think the court properly refused to charge on circumstantial evidence. The main fact, the sale of the liquor by appellant, was proven by direct evidence.

Appellant also excepted to the court's charge because the court nowhere in said charge defines what in law takes to con-

stitute a sale, and that said issue was raised by the testimony in this case. We find in the court's charge a definition of the word "sale," which leads us to the conclusion that, when the appellant had excepted to the court's main charge for failure to define what is meant by sale, the court corrected his main charge and gave a definition of same. There is no exception to the definition given by the court.

There are other bills of exception appearing in the record which we have examined and do not believe that they constitute reversible error.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.