ARTHUR "RED" CHAPPEL V. THE STATE.

No. 20212. Delivered March 1, 1939.
Rehearing Denied April 12, 1939.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, for appellant.

*Harry W. Flentge,* of Gatesville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Tom Banks by shooting him with a pistol.

It was the State's theory, given support in the testimony, that the killing of the deceased by the appellant was unprovoked. Appellant testified that at the time he fired the fatal shot deceased had reached into his shirt bosom as if to pull a pistol and that he believed his life was in danger. The court submitted an instruction covering the law of self-defense.

It appears from bill of exception No. 1 that upon cross-examination the State elicited from appellant that two or three years prior to the homicide he had been convicted of the offense of burglary. Upon redirect-examination appellant's counsel undertook to have appellant explain the circumstances surrounding his conviction. Appellant would have testified, in substance, that he was not guilty but that he was unfortunate in being in an automobile with Slim Bond and John Smith when the fruits of the burglary were discovered; that he (appellant) did not know when the burglary had been committed; that when he was arrested he denied his guilt; that on account of the fact that he was unable to employ counsel he entered a plea of guilty on the promise of the district attorney that he would receive the minimum penalty. The court sustained the State's objection, and refused to permit appellant to explain the charge, and deny his guilt. The bill of exception reflects reversible error. We quote the language of Judge Lattimore in Miller v. State, 294 S. W. 582, as follows:

"It has been the uniform rule, since the days when the Supreme Court had appellate jurisdiction of criminal cases in Texas, that a witness has the right to explain any fact brought out against him by the other party which tends to create distrust of the truthfulness or integrity of the witness. State v. Ezell & Ivy, 41 Tex. 38 Kunde v. State, 22 Tex. App. 65, 98, 3 S. W. 325; Bruce v. State, 31 Tex. Cr. R. 594, 21 S. W. 681. The general principle thus announced is believed to be the same as that here involved. In Tippett v. State, 37 Tex. Cr. R. 186, 191, 39 S. W. 120, we seem to have first spoken directly on the point involved. A witness was shown in that case to be under indictment for theft. We said in our opinion that on re-examination by the party introducing him the witness should have been allowed to state that he was a bona fide purchaser of the alleged stolen cattle, and that he had not stolen them. In Cowart v.

State, 71 Tex. Cr. R. 116, 158 S. W. 809, we said that, if the State proved that the accused had been indicted for embezzlement, he had the right to explain, at least in a general way to show the cases amounted to nothing, and that he was never tried or convicted upon them, and that they were dismissed. We also said: 'He might not go into details of the transactions.' The State relies in the motion before us on what is said in the Cowart Case, supra, and the Howard Case, 53 Tex. Cr. R. 378, 111 S. W. 1038. We think the Howard Case not in point, but clearly distinguishable. In that case the witness proved to be under indictment, was not asked about such fact or to make any explanation, but the accused placed on the witness stand the attorney who represented the witness referred to, and offered to prove by the attorney that he had investigated the charges against his client, and that there was no foundation for such charges. This testimony was rejected, and we correctly upheld its rejection. In the Tippett Case, supra, the doctrine of the instant case is announced, not so much in detail, but substantially, for, if one against whom it has been shown that he is under indictment may testify he did not steal the property in question, but bought it and paid for it in good faith, the Rubicon is crossed, and the domain of detail is invaded. In the Cowart Case, supra, we are at some loss to know just what the great judge writing the opinion meant when he said therein, if one had been asked if he was under indictment, and admitted it, that he might explain in a general way and show that the case amounted to nothing, and might show that the case had been dismissed or never tried. We are constrained to believe that, if the attention of the judge of this court writing that opinion had been focused on this exact point, and the decision in the Tippett Case, supra, had been brought before him, as well as those cases announcing the general principle above referred to, he probably would not have used the expression in the opinion which is relied on by the state here, but would have expressed himself, as was his wont, with vigorous clarity, and in accord with the doctrine of the recent cases. How could one explain, even in a general way, so that the explanation would have any weight or be of value, without some details?

"There is a difference between the rule in civil cases and in criminal cases in this State in regard to admitting testimony that one has been charged with crime as affecting the credibility of the person so charged, as a witness in court. The practice in criminal cases allows such proof. Manifestly, when one has been so charged, and the case against him has subsequently been dismissed or an acquittal had, the question of the reflective

force of proof of the fact that he had been charged merely might be doubtful. If either party knew in advance—and the very fact of asking such question would afford ground for presumption of such knowledge—that the charge against the witness has been dismissed, or that he has been acquitted, it would seem to be fair for such party to ask of the witness if he has not been so charged, under peril of having the party thus attacked make his statement that he was not guilty, or make such explanation as he reasonably desires in connection therewith. Upon the testimony of such attacked witness, however, we think the matter should rest, and that other witnesses might not be called on the issue, as was attempted in the Howard Case, supra. To us this rule seems fair. Even if one who admits that he has been convicted attempts to make some explanation in mitigation or refutation of the reflection resulting from such proof, and the attacking party be denied the right to introduce testimony controverting this issue, it still seems the attacking party would have the best of the argument. We are unable to agree with the State's contention in this regard."

See also Davis v. State, 40 S. W. (2d) 809, and Anderson v. State, 21 S. W. (2d) 499.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—The State, by the District Attorney in and for the 52nd Judicial District of Texas, insists that we erred in our original opinion in holding that reversible error was committed by the trial court in not permitting appellant to explain and show the circumstances surrounding his conviction of burglary, after the State had shown that he had previously been convicted therefor.

The State seems to take the position that in none of the cases cited by us has this court held that a defendant could explain the circumstances of his conviction where the State had showed such prior *conviction*. That the rule has been applied only to cases where indictments and previous charges were either pending or had been preferred, but which had not terminated in convictions. In this the district attorney is mistaken, as will appear from the opinions of this court in the following

cases. Hunter v. State, 32 S. W. (2d), 851; Pope v. State, 194 S. W., 590; Hayes v. State, 59 S. W. (2d) 163; Calvert v. State, 291 S. W., 906; Boone v. State, 215 S. W., 310.

We are not impressed with the State's contention that to extend the rule to cases in which convictions had been obtained would be allowing collateral attacks upon the judgments of courts of competent jurisdiction. Such is not an attack upon the judgment; it is merely an explanation of the circumstances surrounding the same upon which the conviction is based. We beieve the rule announced in our original opinion is well settled and has been consistently followed.

The State's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.