### V. C. PORTER v. THE STATE.

No. 20081. Delivered May.17, 1939.

The opinion states the case.

*A. E. Heidingsfelder, W. W. Wander, Sam W. Davis,* and *H. G. Hart,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is keeping and exhibiting a slot machine; the punishment, confinement in the penitentiary for four years.

The count of the indictment under which appellant was convicted charged, in substance, that appellant, directly and through his agent, Albert Broussard, kept and exhibited for the purpose of gaming, a slot machine. Broussard testified that appellant placed the slot machine in his place of business and that he and appellant divided the proceeds derived from the use of the machine.

Testifying in his own behalf, appellant denied that he had any interest in the machine and denied that he had placed same in Broussard's place of business. In short, his testimony, if believed, completely exonerated him.

It is shown in bill of exception No. 30 that upon cross-examination by the district attorney appellant testified that he had been indicted in numerous other cases, among them being indictments for keeping and exhibiting slot machines, indictments for swindling and five indictments for misapplication of city funds. Upon redirect-examination appellant sought to make an explanation of facts and circumstances within his knowledge, which, if true, would have shown that he was not guilty of the offense charged against him in said indictments. This explanation he sought to give in person, making no effort to introduce evidence upon the matter other than his own. The trial court refused to permit appellant to go further than to say that he was not guilty of the charges. In dealing with a similar situation, it was expressly held in Miller v. State, 294 S. W. 582, that the accused had the right to go into some detail in explaining the charge against him. Being a witness and discredited by the indictments, appellant should have been permitted to give testimony of such explanatory circumstances, in connection with the matters inquired about by the State, as would have tended to refute the idea conveyed thereby that he was unworthy of belief. Anderson v. State, 21 S. W. (2d) 499. However, it is not to be inferred that he had the right to introduce evidence other than his own. Anderson v. State, supra, and authorities cited. In the light of the record, the denial of the legal right to make the explanation was prejudicial, and constitutes reversible error.

We think it was error for the court to permit the State to prove that appellant had installed a slot machine at a place other than Broussard's. This proof does not appear to have been within any of the exceptions to the general rule inhibiting proof of extraneous offenses.

Appellant was city marshal of the town of Pelly. The State proved, over appellant's proper objection, that appellant

had made an arrangement with the proprietor of a restaurant to feed city prisoners in his restaurant in consideration of appellant being allowed a percentage of the profits derived from the contract. This proof appears not to have been relevant to any issue in the case. It should not have been received.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.