C. A. WATTS v. THE STATE.

No. 20265. Delivered March 22, 1939.

The opinion states the case.

E. M. *Dodson*, of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was awarded a term of two years for cattle theft under his plea of guilty, but failed to receive a suspended sentence at the hands of the jury, and hence this appeal.

He has but one complaint and that is based upon the following proceedings: It appears that appellant, a man fifty-four years of age, together with a step-son, conspired together to steal some cattle, and did steal a cow from the complaining witness at nighttime, and sold the same and each took a portion of the money. Appellant placed many character witnesses upon the stand who testified to his good character as a peaceable, law-abiding citizen for many years. The State, on cross-examination of such witnesses, asked them if they had heard anything relative to some swindling charges against appellant concerning some hot check dealings, to which the witnesses answered that they had not heard of such dealings. The appellant took the stand and was asked by his attorney relative to these checks, and his bill of exceptions No. 1 relates to what he terms the refusal of the trial judge to allow him to go into these matters, and to explain to the jury what had really occurred concerning these check charges against him. If permitted he would have said that the swindling case was filed against him on a check that he had given for a load of corn; that at the time he gave the check he had the money in the bank to take care of it, but that within a very short time after he gave the check he received word that his son was very sick in New Mexico; that he withdrew the money from the bank and used it to go see his son, and that while he was gone the check was presented and payment was refused on it; that as soon as he returned from New Mexico he went to see the parties to whom the check was given and gave them a secured note for the amount of said check, which was accepted by them, and that this was done before any warrant was ever served on him in the swindling case, and same was never called for trial.

The general doctrine laid down in the Miller case, 294 S. W. Rep. 582, is recognized by us as being the rule relative to allowing a witness to explain the circumstances surrounding an indictment or charge against such witness which tends to create distrust of the truthfulness or integrity of the witness.

While not in strict accord with some previous decisions,—see Cowart v. State, 158 S. W. Rep. 809, 71 Texas Crim. Rep. 116, it now seems to be the settled rule that a witness may thus attempt to go into the proffered charges, and to some extent into their details, in order to relieve himself of the odium necessarily incident thereto. However this rule is based upon the proposition that such an explanation would at least tend to exculpate the witness in the commission of the charged offense, and assist in removing any distrust that might naturally have tinctured his testimony before the jury by virtue of such charges.

The proffered testimony which is found in the bill is also found, to some extent, in the statement of facts furnished us, and a careful study thereof leaves us in some doubt, if the same had been given, that it would have had the effect to have shown an exculpation of the appellant. In the event of another trial hereof, however, we think the safer policy to follow would be to allow the testimony on account of the fact that it was really not based upon an effort to exculpate the appellant from blame on these charged checks, but only on the proposition as to whether he should have been granted a suspension of his sentence. Had it been offered on the question of his guilt, probably another question might have arisen; but we think on account of the latitude allowed the State in such matters appellant should have been allowed to give the offered testimony.

Bill of exceptions No. 2 complains of the argument of the assistant district attorney when he made the following remarks before the jury: "Gentlemen, the defendant, in just a few days after he had committed this crime, went right up here to Otto and bought a cow and gave a bad check for it." The careful trial court immediately instructed the jury not to consider such a statement, on account of appellant's attorney's objection that no such testimony was in the record. This statment should not have been made. It strikes us that such was very damaging to appellant's plea for a suspended sentence before the jury. Not being a portion of the evidence, and yet having been stated by the prosecuting officer, it might have and doubtless did have great weight with the jury, who could have thought that this appellant having committed another crime, after the one for which he was being tried, there would be no use in giving him a suspended sentence when he had at such a late date evidenced that he was an habitual criminal. It is true that the court endeavored to remove the effect of these ill-timed remarks, but there being but one point at issue therein, and that being the suspended sentence, we fear that the jury might have been and

doubtless was influenced by this testimony brought to them in argument alone.

We think the error sufficient to cause a reversal of this cause, and the judgment is reversed and the cause remanded.